NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
ROBERT EUGENE GLASSGOW,      :
                             :     **Civ. No. 19-166 (RMB)**
            Petitioner       :
                             :
       v.                    :     OPINION
                             :
UNITED STATES,               :
            Respondent       :
_____:

On January 18, 2019, the Court administratively terminated this matter pursuant to the stay imposed by Standing Order 18-4 during the Government shutdown. (Order, ECF No. 2.) The Government has re-opened and Standing Order 18-4 has expired. Therefore, the Court will reopen this matter.

On January 4, 2019, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, challenging his 2011 conviction and sentence in the U.S. District Court for the Southern District of Iowa, Criminal Action No. 1:10-CR-00038-JEG ("Crim. Action 10-38.")[1] Petitioner paid the filing fee for this action on January 18, 2019.

Rule 4 of the Rules Governing Section 2254 cases in the United States District Courts, applicable to petitions filed under 28

---

[1] Available at www.PACER.gov.

U.S.C. § 2241 pursuant to Rule 1, Scope of the Rules, requires that

> the clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Rule 4, Rules Governing Section 2254 Proceedings.

For the reasons discussed below, this Court will dismiss the petition for lack of jurisdiction.

I. BACKGROUND

On November 16, 2010, a grand jury in the U.S. District Court, Southern District of Iowa "returned a two-count indictment charging [Petitioner] with one count of receipt of child pornography, in violation of Title 18, United States Code, Section 2252(a)(2) (Count One); and one count of possession of child pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B) (Count Two). United States v. Glassgow, No. 1:10-CR-00038-JEG, 2011 WL 13193314, at *1 (S.D. Iowa May 19, 2011). The jury trial began on January 10, 2011. Id. On January 12, 2011, the jury returned a verdict of guilty on Count One and not guilty on Count Two. Id. On July 18, 2011, the trial court entered Judgment, sentencing Petitioner to a 188-month term of imprisonment on Count One of the Indictment filed on September 16,

2010, and noting that Petitioner was found not guilty on Count Two. Crim. Action 10-38 (S.D. Iowa, ECF No. 104.)

Petitioner moved for a judgment of acquittal or alternatively for a new trial. United States v. Glassgow, 2011 WL 13193314, at *1. The trial court denied the motions on May 19, 2011. Id. at *5.

Petitioner appealed his conviction and sentence in the Eighth Circuit Court of Appeals, and the Eighth Circuit affirmed the judgment upon rehearing and rehearing *en banc*. United States v. Glassgow, 682 F.3d 1107 (8th Cir. 2012). The U.S. Supreme Court denied certification. Glassgow v. United States, 133 S.Ct. 631 (2012).

Petitioner filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Glassgow v. United States, Civ. Action No. 4:13-cv-00124-JEG ("2255 Action") (S.D. Iowa, ECF No. 1). The District Court denied the § 2255 motion on October 7, 2014. Id. (S.D. Iowa, ECF No. 12.) On January 17, 2017, the Eighth Circuit denied Petitioner's petition for authorization to file a successive habeas application in the district court. Crim. Action 10-38 (S.D. Iowa, ECF No. 129-1.)

II. DISCUSSION

The Court must first determine whether it has jurisdiction under 28 U.S.C. § 2241. "[A] federal prisoner's first (and most often only) route for collateral review of his conviction or sentence is under § 2255." Bruce v. Warden Lewisburg USP, 868 F.3d

3

170, 178 (3d Cir. 2017). Congress, however, provided a savings clause in § 2255(e): "a federal prisoner may resort to § 2241 only if he can establish that 'the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.'" Id. (citations omitted.)

There is an exception to the general rule that a petitioner must challenge his conviction and sentence in the sentencing court under § 2255, if the petitioner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Boatwright v. Warden Fairton FCI, 742 F. App'x 701, 702 (3d Cir. 2018) (per curiam) ("[w]e have thus far recognized only one narrow circumstance in which the § 2255 remedy is inadequate or ineffective.") A remedy under § 2255 is not inadequate or ineffective because the sentencing court does not grant relief or the one-year statute of limitations has expired. Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002).

Among other challenges to the validity of his conviction and sentence, Petitioner claims he is "actually innocent" because he was acquitted on January 13, 2011 and he was convicted and sentenced in the same action on July 18, 2011. (Pet., ECF No. 1, Ground Two.) An actual innocence claim may be brought in a § 2255 motion, therefore § 2241 is not the only vehicle to advance such a claim. Marmolejos v. Holder, 358 F. App'x 289, 290 (3rd Cir.

4

2009) (per curiam). Petitioner's Double Jeopardy and Eighth Amendment Claims, based on his acquittal on Count Two, were available to Petitioner on direct appeal and when he filed his first § 2255 motion on March 18, 2013.

None of the claims Petitioner raises in his petition are based on an intervening change of substantive law that may negate his conviction and sentence. Petitioner had a fair opportunity to assert his claims under § 2255 and his lack of success does not entitle him to raise his claims under the savings clause in § 2255(e). See Cradle, 290 F.3d at 539 ("[t]he [savings clause] exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.")

III. CONCLUSION

This Court lacks jurisdiction over the § 2241 petition. The Court will dismiss this matter with prejudice. This Opinion does not preclude Petitioner from seeking permission to file a second or successive § 2255 motion under 28 U.S.C. § 2244(b)(3)(A) in the Eighth Circuit Court of Appeals.

An appropriate order follows.

Dated: February 8, 2019

                                      s/Renée Marie Bumb
                                      **RENÉE MARIE BUMB**
                                      **United States District Judge**